Cy T. Hainey (State Bar No. 030634)
P.O. Box 9096
Phoenix, AZ 85068
Telephone: (602) 466-9631
E-mail: cy@hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Rd., Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorney for Plaintiffs,*
*Tamica Dale*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
#### HOUSTON DIVISION

| | |
|---|---|
| Tamica Dale,<br><br>      Plaintiff,<br><br>vs.<br><br>Collections Unlimited of Texas,<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TAMICA DALE, BY AND THROUGH COUNSEL, CY T. HAINEY, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Houston, Harris County, Texas.

3. Venue is proper in the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Houston, Harris County, Texas.

5. The Defendant to this lawsuit is Collections Unlimited of Texas ("Defendant"), which is a domestic corporation that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer-type debt allegedly owed by Plaintiff to third party in the amount of $400.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. On August 8, 2022, Plaintiff obtained her Trans Union credit report and noticed Defendant reporting the alleged debt as collection item.

9. On or about November 11, 2022, Plaintiff sent Defendant a letter disputing the reporting collection items. Defendant received the letter on November 28, 2022.

10. On December 19, 2022, Plaintiff obtained her Trans Union credit disclosure, which showed Defendant last reported the collection item reflected by Trans Union on November 30, 2022, and failed or refused to flag them as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Trans Union to flag its collection items as Disputed.

13. Defendant's inaction to have its collection items on Plaintiff's credit report flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain a loan and credit for her day-to-day needs. Her credit reports continue to be damaged due to the Defendant's failure to properly report the associated collection item. Plaintiff also experienced stress, anxiety, agitation, nervousness, frustrations, crying

spells, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, chest pains, and stomach problems.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debts.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that disputed debts are disputed.

19. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

20. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff, as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity. Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

21. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Punitive damages; and

d. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  January 9, 2023

Respectfully submitted,

By: /s/ Cy T. Hainey
Cy T. Hainey, Esq.
State Bar No. 030634
P.O. Box 9096
Phoenix, AZ 85068
Telephone: (602) 466-9631
cy@hilltoplawfirm.com
Counsel for Plaintiff,
Tamica Dale