UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| Tamica Dale,<br><br>                    Plaintiff,<br>vs.<br><br>Collections Unlimited of Texas,<br><br>                    Defendant. | Case No.: 4:23-cv-00059<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COLLECTIONS UNLIMITED OF TEXAS** |

NOW COMES the Plaintiff, Tamica Dale ("Plaintiff"), by and through her counsel, and for her Motion for Default Judgment against Collections Unlimited of Texas ("Collections") pursuant to Fed. R. Civ. P. 55, states as follows:

Plaintiff relies upon the accompanying memorandum in support of her motion.

WHEREFORE, Plaintiff requests this Court to enter default judgment against Collections in the amount of $6,000.00, plus costs and attorney fees.

March 27, 2023                               Respectfully submitted,

/s/ Cy T. Hainey
CY T. HAINEY, ESQ.
(State Bar No. 030634)
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax - (602) 466-9631
cy@hilltoplawfirm.com
www.hilltoplawfirm.com
*Attorneys for Plaintiff*

## **Proof of Service**

I, Cy T. Hainey, hereby certify that on March 27, 2023, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via this Court's CM/ECF system.  I further certify that on March 7, 2023, I served a copy of the foregoing document upon Collections Unlimited of Texas c/o Capitol Corporate Services, Inc., Attn: Kim Lopez, 1501 S Mopac Expy, Suite 220, Austin, TX 78446 via U.S.P.S. first-class mail.

/s/ Cy T. Hainey

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| Tamica Dale, | Case No.: 4:23-cv-00059 |
| Plaintiff, | |
| vs. | **[PROPOSED] ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT COLLECTIONS UNLIMITED OF TEXAS** |
| Collections Unlimited of Texas, | |
| Defendant. | |

The Court has considered Plaintiff's Motion for Entry of Default Judgment against Citibank, N.A. ("Citibank"). Having determined that the motion was properly served on Citibank and that Citibank failed to answer or otherwise respond to Plaintiff's complaint and a default has been entered against Citibank. The court takes the allegations of the Complaint as true under Federal Rule of Civil Procedure 55(b) and accordingly orders:

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment against Collections is hereby granted

IT IS FURTHER ORDERED that a default judgment is entered in favor of Plaintiff and against Collections in the amount of $6,000.00, plus costs and attorney's fees that Plaintiff will seek pursuant to Fed. R. Civ. P. 54(d).

Signed on the _____ day of _____, 2023

_____
U. S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| Tamica Dale,<br><br>   Plaintiff,<br><br>vs.<br><br>Collections Unlimited of Texas,<br><br>   Defendant. | Case No.: 4:23-cv-00059<br><br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COLLECTIONS UNLIMITED OF TEXAS** |

### STATEMENT OF FACTS

### 1. **Procedural Background**

Plaintiff filed the above-captioned action against Collection Unlimited of Texas ("Collections") on January 9, 2023. (Doc #1.) On January 12, 2023 Plaintiff served Collections with the summons and complaint via a process server to Collections' Registered Agent Texas Corporate Services Inc., 1501 S. Mopac, Ste 220, Austin, TX 78746, and Collections answer was due February 2, 2023. On January 16, 2023, Plaintiff filed her proof of service against Collections. (Doc #6.) On February 23, 2023, Plaintiff filed her request for clerk's entry of default. (Doc

#7.)  On March 3, 2023, the Clerk entered a default against Collections.  (D0c #8.) As a result of Collections' failure to timely answer or otherwise respond to the complaint. Plaintiff now requests that this Court enter a default judgment against Collections.

## 2.    __Allegations in the Complaint__

Collections is attempting to collect a consumer type debt allegedly owed by Plaintiff to a third party in the amount of $400.00. (Doc #1, Page 2, ¶6.)  Plaintiff disputes the debt. (Doc #1, Page 2, ¶7.)   On August 8, 2022, Plaintiff obtained her Trans Union credit disclosure and notice Collections reporting the alleged debt as a collection item. (Doc #1, Page 2, ¶ 8.)    On November 11, 2022, Plaintiff sent Collections a letter disputing the reporting of the alleged debt and Collections received the dispute letter on November 23, 2022.  (Doc #1, Page 3, ¶ 9.)  On December 19, 2022, Plaintiff obtained her Trans Union credit disclosure which showed Collections last reported the alleged debt on November 30, 2022 and failed or refused to flag the alleged debt as disputed.  (Doc #1, Page 3, ¶ 10.)

Collections foregoing acts in attempting to collect the alleged debt violated the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1692e by reporting credit information which is known to be false, including to communicate that disputed debts are disputed.  (Doc #1, Page 4, ¶ 18.)

Plaintiff has suffered pecuniary and emotional damages as a result of Collections' actions. Plaintiff's credit score has been improperly depressed making it hard for her to obtain a loan and credit for her day to day needs. (Doc #1, Page 3, ¶ 14.) Plaintiff also experienced stress, anxiety, agitation, nervousness, frustrations, crying spells, embarrassment, and humiliation resulting in loss of sleep, inability to concentrate, chest pains, and stomach problems as a result of Collections actions in this case. (Doc #1, Pages 3 - 4, ¶ 14.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment when a defendant fails to answer or otherwise respond to a complaint within the time required by the Federal Rules of Civil Procedure and after the Clerk makes an entry of default. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. See *Arch Ins. Co. v. WM Masters & Assocs., Inc.,* No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D.

Tex. Jan. 14, 2013). The plaintiff must also make a prima facie showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001).* Before entering a default, a court should consider any relevant factors. Such factors include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998)). The court must also be satisfied that there is a sufficient basis in the pleadings for the judgment requested. *See Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015).* For purposes of a default judgment, all supported, pleaded allegations are assumed to be true. *See id. at 496.* But *"the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).* A court "may conduct hearings" if it is necessary to "establish the truth of any allegation by evidence ... or ... investigate any other matter." FED. R. CIV. P. 55(b)(2)(C). An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United*

*States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc*., 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted).

## LAW & ARGUMENT

### 1.  Plaintiff is entitled to a default judgment against Collections

Plaintiff has satisfied the prerequisites for entering a default judgment against Collections. First, Plaintiff properly served her summons and complaint on Collections. See Doc #6. When serving a corporation, a plaintiff may satisfy the service requirement "by delivering a copy of the summons and of the complaint to an … agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Here, the summons identifies Texas Corporate Services Inc as Collections' registered agent. See Doc #6, Page 2. In the service affidavit, signed by Plaintiff's process server under penalty of perjury, the process server noted Texas Corporate Services, Inc's address as the place service was made and identified Kim Lopez as the individual that the summons and complaint was served on. See *Id*. at 2. Service is therefore proper under Rule 4(h)(1). Next, Collections has not filed any responsive pleadings or otherwise appeared in this case. And Collections is a

corporation and, therefore, cannot be a minor, an incompetent person, or active in military service. *See* FED. R. CIV. P. 55(b)(2); 50 U.S.C. §§ 521(a), (b)(1)(A)-(B).

Plaintiff has also shown the Court has jurisdiction over this matter. The Court has original jurisdiction of her FDCPA claims under 28 U.S.C. § 1331. *See* Doc #1 ¶ 1. And the relevant considerations all weigh in favor of entering default. Collections' failure to respond to Plaintiff's Complaint or otherwise communicate with the Court threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests in pursuing her rights afforded by law. *See Lindsey*, 161 F.3d at 893. There is no evidence before the Court that "a good faith mistake or excusable neglect" caused the default, and there are no facts that show there is "good cause" for which the Court would be obligated to set aside the default if later challenged by Collections. *Id*.

Finally, Plaintiff's allegations provide a sufficient basis for the judgment requested. In her Motion for Default, Plaintiff seeks only relief under the FDCPA. The Court should therefore consider only her FDCPA claim. To succeed on a FDCPA claim, a plaintiff must show: "1) the plaintiff has been the object of collection activity arising from consumer debt; 2) the defendant is a 'debt collector' defined by the FDCPA; and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Vick v. NCO Fin. Sys., Inc.*, No. 2:09–cv–114- TJW–CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011). Plaintiff's allegations, taken

as true, satisfy the elements required to prevail on her FDCPA claim. First, Plaintiff was the "object" of Collections' attempt to collect on the alleged debt – for utilities owed to Harris County - which is a consumer debt as defined under Section 1692a(5). See Doc #1 ¶ 17; 15 U.S.C. § 1692a(5). Second, Collections is a "debt collector" as defined under Section 1692a(6) because the "principle purpose of [Bayside]'s business is the collection of debts." Doc #1 ¶ 18; 15 U.S.C. § 1692a(6). Third, Bayside violated Sections 1692e(8) of the FDCPA. Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, it is a violation when "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is dispute." § 1692e(8) Here, Plaintiff alleges that Collections violated this section when it "threatened [her] with wage garnishment," Doc #1 ¶ 29, "failed to disclose that [it was] attempting to collect a debt" or that it would use information obtained for that purpose, Id. ¶ 31, and failed to provide the required validation notice, Id. ¶ 36. These allegations contain enough factual detail to state a claim, and there is no applicable defense. See *Helena Chem. Co. v. Goodman*., No. 5:10-cv-121, 2011 WL 1532200, at *1 (S.D. Miss. Apr. 21, 2011) (noting that the district court, in deciding whether to grant a motion for a default judgment, should consider whether the defendant has

a meritorious defense to the complaint). Accordingly, the entry of a default judgment against Collections is appropriate. Plaintiff alleges Collections violated the FDCPA. To establish a violation of the FDCPA the Plaintiff must show that:

> (1) [he][has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.,* No. CIV. A. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (citations omitted).

Plaintiff adequately alleges the first element of his FDCPA claim that Collections is attempting collect a consumer type debt in the amount of $400. (Doc #1, ¶ 6.) Plaintiff adequately alleges the second element of his FDCPA claim that Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities. (Doc #1, ¶ 16.) Thus, Plaintiff has established the first and second elements of his FDCPA claim.

The third element of an FDCPA claim requires a showing that Collections has engaged in a prohibited act or failed to perform a requirement imposed by the FDCPA. Plaintiff alleges that Collections violated 15 U.S.C. §1692e. Under Section 1682e, debt collectors are prohibited from using false and misleading representations in connection with the collection of a debt. 15 U.S.C. §1692e. This section specifically prohibits various types of conduct including:

(8) by reporting credit information which is known to be false, including    failure to communicate that a disputed debt is disputed.

15 U.S.C. §1692e(8).

Collections violated the FDCPA by reporting information which is known to be false.  Plaintiff alleges that on November 11, 2022, he submitted a letter to Collections disputing the alleged debt.  (Doc #1, ¶ 9.)  Collections last reported the alleged debt to Trans Union on November 30, 2022, and failed or refused to flag the alleged debt as disputed.  (Doc #1, Page 3, ¶ 10.) Collections never reported the account as disputed, as evidenced in Plaintiff's Trans Union credit file obtained over a month after Collections received Plaintiff's dispute letter.   (Doc #1, ¶ 10.) Therefore, Collections violated 15 U.S.C. § 1692e(8) of the FDCPA, which prohibits debt collectors from failing to communicate that a disputed debt is disputed.  15 U.S.C. § 1692e(8).

## 2.    Plaintiff's Damages

Plaintiff seeks (1) $1,000 in statutory damages; (2) $5,000 in actual damages; and (3) costs and attorneys' fees.

### A. Statutory Damages

 Plaintiff requests statutory damages for Collections' violations of the FDCPA.  The court may award statutory damages of up to $1,000 per plaintiff. § 1692k(a)(2)(A). The FDCPA is a strict liability statute and the defendant's

culpability is only relevant for computing damages under the statute. *In re Eastman,* 419 B.R. 711, 728–29 (Bankr. W.D. Tex. 2009). In determining the amount in liability, the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . ." § 1692k(b)(1). Collections violated the FDCPA and a statutory award of $1,000 is appropriate in this case.

## B. Actual Damages

Plaintiff requests actual damages for pecuniary and emotional damages as a result of Collections' actions. Plaintiff's credit score has been improperly depressed making it hard for her to obtain a loan and credit for her day to day needs. (Doc #1, Page 3, ¶ 14.) (Exhibit 1 - Declaration of Plaintiff at ¶ 4.) Plaintiff was denied an auto loan and personal as a result of Collections actions in this case. Plaintiff also experienced stress, anxiety, agitation, nervousness, frustrations, crying spells, embarrassment, and humiliation resulting in loss of sleep, inability to concentrate, chest pains, stomach problems, and fighting with family and spouse as a result of Collections actions in this case. (Doc #1, Pages 3 - 4, ¶ 14.) (Exhibit 1- Declaration of Plaintiff at ¶ 5.)   Actual damages may be awarded under the FDCPA and include "not only out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress." *Reyelts v. Cross*, 968 F.

Supp. 2d 835, 846 (citing *Monroe v. Frank*, 936 S.W.2d 654, 661 (Tex. App.—
Dallas 1996, writ dism'd w.o.j.)). To recover actual damages, a plaintiff must
provide direct evidence as to the "nature, duration, and severity of the mental
anguish" which must establish a substantial disruption in the plaintiff's daily routine.
*Id*. (citing *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, No. A–09–413–LY, 2009
WL 4598330, at *3 (W.D. Tex. Dec. 3, 2009)). In addition to Plaintiff's complaint,
Plaintiff has submitted a Declaration describing her pecuniary and emotional
damages in this case.

Based on the foregoing, Plaintiff requests this Court to enter default judgment
in the amount of $5,000 for Plaintiff's actual damages and $1,000 in statutory
damages, for a total of $6,000 in damages, plus costs and attorney's fees that Plaintiff
will seek pursuant to Fed. R. Civ. P. 54(d) and/or as this Court directs.

### C. Attorneys' Fees and Costs

Pursuant to 15 U.S.C. § 1692k(a)(3), a plaintiff is entitled to reasonable
attorneys' fees as well as costs in the event of a successful action to enforce liability
under the statute. Because Plaintiff is entitled to recover statutory and actual
damages, she is also entitled to reasonable attorneys' fees and costs. "Attorney's fees
must be calculated at the 'prevailing market rates' in the relevant 'community for
similar services by attorneys of reasonably comparable skills, experience, and
reputation.'" *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp.2d 784, 804

(citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541 (1984)). Therefore,

Plaintiff requests attorneys' fees and costs in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to enter judgment against Collections in the amount of $6,000, plus costs and attorney's fees that Plaintiff will seek as directed by the Court and/or pursuant to Fed. R. Civ. P. 54(d

March 27, 2023                                Respectfully submitted,


/s/ Cy T. Hainey
CY T. HAINEY, ESQ.
(State Bar No. 030634)
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax - (602) 466-9631
cy@hilltoplawfirm.com
www.hilltoplawfirm.com
*Attorneys for Plaintiff*


## Proof of Service

I, Ct T. Hainey, hereby certify that on March 27, 2023, I served a copy of the foregoing document upon all parties and counsel as their addresses appear of record via this Court's CM/ECF system.  I further certify that on March 9, 2023, I served a copy of the foregoing document upon Collections Unlimited of Texas c/o Capitol Corporate Services, Inc., Attn: Kim Lopez, 1501 S Mopac Expy, Suite 220, Austin, TX 78446 via U.S.P.S. first-class mail.

/s/ Michael B. Halla